*In re* INTEREST OF TIMMY CARSON, a Minor, Appellant.

(No. 72-25;

Third District—March 13, 1973.

James Geis, of Defender Project, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb, (James Jerz, of Model District State's Attorneys Office, of counsel,) for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the circuit court of McDonough County adjudicating Timmy Carson, age 10, a delinquent, following a hearing on a petition which alleged the theft of money in the amount of $150 by Timmy Carson. By the terms of the order, Timmy Carson

was placed in the custody of the Department of Children and Family Services. The sole issue presented for determination arises from a contention asserted by appellant that under existing statutes, a minor under the age of 13 years may not be adjudicated a delinquent.

Under section 2—2 of the Juvenile Court Act (which superseded the Family Court Act) it is provided, in part, that a delinquent boy is "* * * one who prior to his 17th birthday has violated or attempted to violate * * * any federal or state law or municipal ordinance." (Ill. Rev. Stat. 1971, ch. 37, sec. 702—2.) It is also pointed out that under section 6—1 of the Criminal Code of 1961 it is provided that "no person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed." (Ill. Rev. Stat. 1971, ch. 38, sec. 6—1.) It is likewise noted that the Committee Comments indicated that one of the purposes of the Act was to raise the minimum age of criminal capacity and its effect was to establish that "criminal capacity shall not be deemed to exist below the age of thirteen." (Smith-Hurd Ill. Annot. Statutes, ch. 38, § 6—1, Committee Comments, pp. 322-323.) On the basis of the Committee Comments, appellant argues theoretically that the two statutory provisions must be read together. Appellant reasons that since a child under the age of 13 years lacks criminal capacity, he, therefore, cannot "violate" or "attempt to violate" a law as set forth in section 2—2 of the Juvenile Court Act and as a consequence cannot be adjudged a delinquent. On the basis of this theory it is contended by appellant that only minors between the ages of 13 and 17 can be adjudged delinquent. We do not agree with the contention of respondent or with the necessary corollary to such contention that the Juvenile Court Act has no application to juveniles under the age of 13. It is obvious that this would produce an absurd result and one which is completely dispelled when the precise language of section 6—1 is read and when the Juvenile Court Act and Committee Comments relied upon are read completely. Ill. Rev. Stat. 1971, ch. 37, secs. 701—1 through 708—4.

■■ It is apparent that delinquency proceedings have a protective and rehabilitative, rather than a penal, purpose, and are based on the concept that minors below the age of 17 do not in all instances possess the same capacity to appreciate the consequences of their actions as do adults. To achieve this objective, the Juvenile Court Act, and proceedings thereunder, are designed to provide an alternative to criminal prosecution and the severe penalties ensuing when the acts amounting to the alleged delinquent conduct would amount to a crime if charged as against an adult. (*In re Urbasek*, 38 Ill.2d 535, 537.) In addition to the logical and reasonable understanding to be derived from the provisions of the Act, the legislature, by provisions of section 2—2, 2—7(3) and 2—

7(5), has made it clear that minors under age 13 are embraced by and subject to the Juvenile Court Act, and it is also clear that section 6—1 of the Criminal Code was not intended to provide otherwise.

In the Committee Comments upon which appellant relies, the Committee first discusses the statutory provisions which were being superseded by section 6—1, and the construction which had been placed upon those provisions. The comments then continue with the following language:

> "In approaching the redraft of these provisions the Committee sought to accomplish two purposes: first, the raising of the minimum age of criminal capacity; second, the elimination of the presumption of incapacity thereby withholding from the jury an unsatisfactory and uncongenial task. The solution arrived at is the simple proposition providing that criminal capacity shall not be deemed to exist below the age of thirteen. Persons falling in this category and *committing acts which would otherwise be criminal* thus fall within the *exclusive cognizance* of the Family Court (now Juvenile Court) to be treated according to the provisions of the Family Court Act (now Juvenile Court Act)." Smith-Hurd Annot. Stat., ch. 38, § 6—1, pp. 322-323. (Emphasis added.)

The final sentence of the Comments quoted above, it is noted, is consistent with sections 2—7(3) and 2—7(5) of the Juvenile Court Act, which provide, in effect, that a minor under the age of 13 may never be subjected to criminal prosecution, but must be treated exclusively under the Juvenile Court Act.

In the full context of the Committee Comments and the express language of section 6—1, which provides that no person under age 13 shall be "convicted" of any offense, we believe that the legislative intention is clearly manifest that it was the objective of that section to prevent the conviction of children under the age of 13 years. It was not intended thereby to remove such children from the application and remedial benefits of the Juvenile Court Act. On the contrary, it is children of tender ages who need and would benefit most from the guidance and supervision contemplated by the Juvenile Court Act.

■ The courts have observed that a general rule of statutory construction indicates that the spirit and dominating purpose of an enactment prevails over the letter thereof in ascertaining and giving effect to the intention of the legislature. (*People ex rel. Barrett v. Thillens*, 400 Ill. 224; *People v. Gibbs*, 413 Ill. 154.) This rule, we believe has specific application to the issue before us. In view of the legislative intent consistently manifested by sections 2—7(3) and 2—7(5) of the Juvenile Court Act and by section 6—1 of the Criminal Code, to the effect that

conduct of children under age 13 is to be dealt with exclusively under the Juvenile Court Act, it necessarily follows that section 2—2 must be read in light of that intent and in conformity with the dominating purpose of both Acts insofar as children under the age of 13 are concerned. It is, therefore, clear that it does not matter that a boy under such age lacked capacity to "violate" or "attempt to violate" a law or ordinance as set forth in section 2—2. It is sufficient if his conduct would have amounted to a crime or attempted crime so as to subject him to conviction had he possessed criminal capacity. Any other construction would not be in the best interest of the juvenile himself.

The judgment of the circuit court of McDonough County adjudicating appellant as a delinquent is accordingly affirmed.

Judgment affirmed.

STOUDER and DIXON, JJ., concur.