20820

In the Matter of Keith SKINNER, Appellant.
(249 S. E. (2d) 746)

*Irby E. Walker, Jr.,* Conway, Myrtle Beach, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Robert N. Wells, Jr.,* Columbia, and *Sol. Hopkins G. Charles,* Conway, *for respondent.*

November 28, 1978.

RHODES, Justice:

The appellant was brought before the Family Court on a petition alleging delinquency in that he had committed the offense of shoplifting. He pled not guilty and a hearing in the matter was scheduled. At the time of the offense, appellant was ten years old although at the time of the hearing he had attained the age of eleven. At the conclusion of the hearing, the presiding judge found that the appellant had committed the act of shoplifting, determined that he was a delinquent, and placed him on probation with the Family Court for a period of six months.

Appellant excepts to the trial judge's refusal to grant his motions for a directed verdict of acquittal on the grounds that no evidence was presented to prove that the appellant had the mental capacity to commit a criminal offense. The basis for the motions was his assertion that South Carolina follows the common law rule that infants between the ages of seven and fourteen are rebuttably presumed incapable of committing a crime and that the State had failed to overcome this presumption by affirmative evidence. While appellant refers us to cases which recognize this rule as applicable to

cases tried in the jurisdiction of General Sessions Court, we do not find them persuasive in determining whether the same rule should apply to delinquency proceedings in a Family Court.

The primary purpose of the juvenile process is to exempt an infant from the stigma of a criminal conviction and its attendant detrimental consequences. 47 Am. Jur. (2d), Juvenile Courts, § 14. *Accord,* Vol. 18, No. 3, South Carolina Law Review, pp. 513-518. This purpose is exemplified by § 14-21-620 of the Family Court Act:

No adjudication by the Court of the status of any child shall be deemed a conviction, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction, nor shall any child be charged with crime or conviction in any court except as provided in § 14-21-540.[1]

From this statute, it is apparent that the concept of the legislature in designing the juvenile court system was to insulate the minor child from criminal prosecution except in certain instances not here applicable. It follows that when a child is adjudicated a delinquent by the Family Court because of his misconduct, he has not been convicted of a criminal offense and may be punished only as prescribed by the Family Court Act. Therefore, the common law presumption that a minor between the ages of seven and fourteen years is rebuttably presumed incapable of committing a crime is inapplicable to family court proceedings because the statutes proscribe the conviction of a crime in such courts. The views herein expressed accord with general authority:

. The common-law rules was that infants under the age of 7 were conclusively presumed incapable of crime; those between 7 and 14 were rebuttably presumed incapable; and those 14 or over were presumptively capable. The common-law rule is, of course, subject to revision by the legislature.

---

[1] Also see § 14-21-510(A)(1)(c), 1976 South Carolina Code of Laws (Cum. Supp. 1977).

. . . Much of the common-law rule would appear to be obsolete in view of statutes providing that offenders under a certain age are to be proceeded against as juvenile delinquents, rather than by criminal prosecution.

21 Am. Jur. (2d), "Criminal Law," Section 27 at pp. 112-113.

The last question raised by the appellant concerns the alleged error of the trial judge in holding that the evidence proved guilt beyond a reasonable doubt. This exception of appellant is grounded wholly on the existence of the rebuttable presumption hereinabove discussed. Since we have held such presumption inapplicable to proceedings in the Family Court, the exception is without merit.

Affirmed.

Lewis, C.J., and Littlejohn, Ness and Gregory, JJ., concur.