*In re* PATRICK DOW *et al.*, Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* PATRICK DOW *et al.*, Respondents-Appellants.)

First District (4th Division)    No. 77-739

Opinion filed August 30, 1979.

John S. Elson, of Northwestern University Legal Clinic, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Marva W. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On September 11, 1976, petitions for adjudication of wardship were filed in the Juvenile Division of the Circuit Court of Cook County, Illinois,

alleging that Peter Dow, age 11, and his brother, Patrick Dow, age 9, committed the offense of aggravated battery against Paul Mueller in violation of section 12—4(a) (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)). After an adjudicatory hearing, the respondents were found delinquent. Respondent Patrick Dow appeals that finding. We affirm the trial court.

The main issue presented for review is whether a minor under the age of 13 years may be adjudicated a delinquent in Illinois.

Paul Mueller testified at the adjudicatory hearing that on September 10, 1976, he and a friend were playing in a football field. At approximately 6 p.m., he was approached by Peter and Patrick Dow and invited to see their clubhouse. Paul rode on Peter's bicycle to a truck yard next to the football field.

Paul stated that after they arrived the respondents locked him inside the truck, climbed on top of the truck, and told him to remove his clothes. Paul would not comply until the boys opened the truck door and threatened to undress him. After he removed his clothes, the respondents began to hit him in the face. He received further injuries from a dog who was in the truck and who jumped on Paul at the direction of respondents. Peter and Patrick threatened Paul with further beating if he did not perform the act of fellatio. Paul complied but was, nevertheless, subjected to further beating by respondents. Peter and Patrick then ordered Paul to go into the Chicago River and get a duck. Paul told them he could not swim, but they still commanded him to enter the water. Shortly thereafter, when Paul noticed they had gone, he came ashore. Paul called his father, the police were notified, and Paul was taken to the hospital where he was given shots and X rays. He was confined to the hospital for 6 days, the first 2 of which were spent in the intensive care unit. The police brought Peter and Patrick Dow to the hospital where Paul identified them as the offenders.

Roger Mueller, Paul's father, testified that on September 10, 1976, he received a telephone call from his son and was told that someone had pushed him into the river. He met his son, saw the lacerations, and transported him to the hospital.

Three witnesses were called by the respondents. Geraldine Dow, respondents' 12-year-old sister, testified that on September 10, 1976 she saw Peter and Patrick going home at 4:45 p.m. Mrs. Dow, the respondents' mother, testified that Peter and Patrick returned home at approximately 5:25 that evening. Art Rogers, Mrs. Dow's husband, testified that on the date in question he returned home from work at 5:30 p.m. and saw Peter and Patrick at that time, but then did not see them again until 6:30 p.m.

On December 7, 1976, the trial court found both respondents delinquent and adjudged them wards of the court. The respondents filed

a motion to vacate the findings of delinquency or for a new trial. The motion was denied on January 27, 1977.

Peter Dow alleged that the judge was in error as to the burden of proof at his fitness hearing and cited *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307, to support his position. The People agreed and filed a confession of error as to appellant Peter Dow. The confession of error was allowed on June 1, 1978, and this appeal relates only to Patrick Dow.

The issue presented for determination by this court arises from the assertion by appellant that a minor under the age of 13 years may not be adjudged a delinquent. We cannot agree with appellant's contention.

Appellant contends that section 6—1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 6—1) forbids conviction of a minor under 13 years of a criminal offense, and it therefore must forbid finding him delinquent as well because a finding of delinquency is based on a violation or attempted violation of a criminal law.

We do not agree with appellant's view of the law and, instead, believe the State's position is correct.

The State contends that both the Criminal Code and the Juvenile Court Act prohibit criminal prosecution of a person under 13, but the delinquency provisions of the Juvenile Court Act were established as an alternative to criminal prosecution.

Section 6—1 (Ill. Rev. Stat. 1975, ch. 38, par. 6—1), reads, "No person shall be convicted of any offense unless he had attained his 13th birthday at the time the offense was committed." Under the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—2), a delinquent minor is defined as, "Those who are delinquent include any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where the act occurred, any federal or state law or municipal ordinance; * * *."

Appellant, in his argument, alleges that section 6—1 of the Criminal Code and section 2—2 of the Juvenile Court Act must be analyzed together to arrive at the correct interpretation of a child's capacity under the age of 13 years to commit an offense. In so doing, appellant cites the Committee Comments to section 6—1 of the Criminal Code of 1961, stating that a child 12 years of age or younger is not capable of forming the requisite capacity to commit an offense. Therefore, section 6—1 must apply to the commission of offenses which can result in a finding of delinquency under the Juvenile Court Act, and regardless of the court in which the case is tried the capacity to commit the offense is the same.

In our reading of the Committee Comments, we find that the relevant portions are:

"[C]riminal capacity shall not be deemed to exist below the age of thirteen. Persons falling in this category and committing acts which would otherwise be criminal thus fall within the exclusive

cognizance of the Family Court to be treated according to the provisions of the Family Court Act (repealed; see, now, Juvenile Court Act, ch. 37, §701—1 et seq.)." Ill. Ann. Stat., ch. 38, par. 6—1, Committee Comments, at 323 (Smith-Hurd 1972).

Appellant contends that since a child under the age of 13 years lacks criminal capacity he cannot therefore violate or attempt to violate any law as stated in section 2—2 of the Juvenile Court Act, which would, in essence, then preclude him from being adjudged a delinquent.

The Committee Comments state that such an individual would fall within the "exclusive cognizance" of the Juvenile Court Act, and we believe that any other result would be unsatisfactory.

The case of *In re Carson* (1973), 10 Ill. App. 3d 384, 295 N.E.2d 740, confronted the same issue of capacity as the instant case. It was similarly asserted that in reading the provisions of both statutes together, since a child under the age of 13 years lacked criminal capacity, he could not violate or attempt to violate a law as stated in the Juvenile Court Act and therefore could not be adjudged a delinquent. In that case, appellant also contended that only minors between the ages of 13 and 17 years could be adjudged delinquent. The *Carson* court found such an interpretation absurd and stated:

> "It is * * *, clear that it does not matter that a boy under such age lacked capacity to 'violate' or 'attempt to violate' a law or ordinance as set forth in section 2—2. It is sufficient if his conduct would have amounted to a crime or attempted crime so as to subject him to conviction had he possessed criminal capacity. Any other construction would not be in the best interest of the juvenile himself." *Carson*, at 387.

In the appellate court's analysis of the *Carson* case, it also held that the legislative intention was clearly shown that the objective of section 6—1 was to prevent the conviction of children under the age of 13 years. The section was not intended to remove such children from the benefits of the Juvenile Court Act, but the Act's purpose was to aid children of tender years.

■■ We fully agree with the analysis in *Carson* and hold that a child under the age of 13 years can be adjudged delinquent under the provisions of the Juvenile Court Act.

Appellant further asserts that germane to the administration of criminal justice for juveniles is that the child must appreciate the wrongfulness of his act before he may be punished.

■■ The purpose of the Juvenile Court Act is not to punish but to correct. "Society is interested for its own sake as well as for the minor's individual welfare in guiding and rehabilitating." (*In re Armour* (1974), 59 Ill. 2d 102, 104, 319 N.E.2d 496, 498.) The appellant has a misconception about the

Juvenile Court Act regarding an intent to punish. It was clearly not the legislative focus to punish children of that age.

The purpose of delinquency hearings is not penal but protective and, therefore, no suggestion or taint of criminality attaches to any finding of delinquency by a juvenile court. *People ex rel. Hanrahan v. Felt* (1971), 48 Ill. 2d 171, 174-75, 269 N.E.2d 1, 3.

Appellant cites the case of *In re Urbasek* (1967), 38 Ill. 2d 535, 232 N.E.2d 716, to stand for the proposition that juvenile delinquency proceedings have essentially penal characteristics. This is not quite an accurate statement of the *Urbasek* case. The case makes reference to committing a juvenile to an institution and that such a confinement is not "devoid of penal characteristics" and, with this, we cannot disagree. However, this does not render a juvenile delinquency proceeding criminal in nature, and as stated in *In re Frazier* (1978), 60 Ill. App. 3d 119, 122, 376 N.E.2d 643, 646, "* * * courts of Illinois have stopped short of investing juvenile proceedings with all of the technical attributes of a criminal proceeding." Given the differences between criminal and juvenile proceedings, we believe appellant's argument is unfounded and that delinquency proceedings are protective, not penal.

Appellant further contends that due process requires that minors who are adjudged delinquent must be afforded the basic safeguards of criminal defendants when they are faced with potential incarceration in the Department of Corrections.

We do not find a due process violation in the instant case. As stated earlier, minors are not found guilty of crimes and punished by incarceration.

Certain due process safeguards generally associated with criminal proceedings have been extended for the protection of juveniles to allow them fundamental fairness; *e.g.*, a finding of delinquency is valid only when the acts of delinquency are proved "beyond a reasonable doubt" to have been done by the individual charged. *In re Urbasek* (1967), 38 Ill. 2d 535, 540, 232 N.E.2d 716, 719.

But, as stated in *In re Beasley* (1977), 66 Ill. 2d 385, 390, 362 N.E.2d 1024, 1026:

"[I]t is not indicated that to assure the concept of fundamental fairness a juvenile proceeding should be developed into a fully adversary process or that the idealistic prospect of an intimate, informal protective proceeding be abandoned and the juveniles returned to the criminal court."

We hold, as in *Beasley*, that delinquency proceedings, although subject to the due process protections, are not criminal in nature and, therefore, the result is not punishment, but rehabilitative in nature.

We find a minor child under the age of 13 years may be adjudicated a delinquent but may not be found guilty of a crime.

For the foregoing reasons, the judgment of the circuit court of Cook County adjudicating appellant as a delinquent is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.