Appellant, Navis Jennings, Jr., a thirteen-year-old male, was adjudicated a delinquent on the basis of two delinquency petitions alleging that he committed the criminal act of assault with intent to ravish. He was committed to the Department of Youth Services. He appeals this adjudication, alleging that the trial court erred in refusing to apply the common-law rebuttable presumption that a child between the ages of seven and fourteen is incapable of forming the intent to commit a crime. Because we agree with the trial court that the presumption is not applicable to juvenile proceedings, we affirm.
Appellant contends that because a delinquent act is defined by Code 1975, § 12-15-1, as an "act designated a crime under the law of this state," the state must prove all the elements of a crime, including capacity to form the intent to commit a crime, and that the Juvenile Code thus leaves intact the common-law presumption of incapacity. However, we believe that the protections afforded a juvenile under Code 1975, § 12-15-1,et seq., render unnecessary the limited protection available at common law to children charged with criminal acts. As stated by the Florida Court of Appeals, which examined the identical issue in connection with their own Juvenile Code:
 The common law presumption of incapacity . . . was available as a defense to children charged with crimes and susceptible to receiving punishment as if they were adults. The intent of the presumption was to afford juveniles some limited protection against the ordinary criminal process. Given the extensive protections afforded juveniles in Florida's Juvenile Court Act, the defense of incapacity would appear to be unnecessary. Moreover, the survival of the incapacity defense could act to defeat the juvenile statute's effectiveness by preventing the reformation of children who successfully argue the defense.
K.P. v. State of Florida, 327 So.2d 820 (Fla.Dist.Ct.App. 1976). See also "Juvenile Proceedings — Common Law Presumption of Criminal Incapacity of Minors Under Age Fourteen Inapplicable to Juvenile Delinquency Proceedings — In reDavis," 34 Maryland L.Rev. 178 (1974).
As does the Florida statute, our juvenile statute removes juveniles who have committed a crime from the jurisdiction of the criminal justice system, and establishes an entirely separate system to minister to them, a system whose aim is rehabilitative rather than retributive. In recognition, however, that rehabilitative measures sometimes involve a partial or total deprivation of liberty, a juvenile who is charged with delinquent acts or is alleged to be in need of supervision is extended many of the due process protections guaranteed defendants in a criminal trial, thereby receiving the benefit of both systems. In particular, Code 1975, §§ 12-15-66 and 12-15-67, guarantee juveniles the privilege against self-incrimination, exclude evidence illegally obtained and extrajudicial statements which are constitutionally inadmissible, and prohibit multiple criminal or juvenile proceedings based on the same offense. Applying the common-law presumption of incapacity, which was designed to protect juveniles from the rigors of trial as an adult, to juvenile proceedings would increase the protection provided juveniles only insofar as it would operate to remove some juveniles from the operation of either system. Far *Page 106 
from benefiting the juvenile so affected, it would prevent the child from receiving urgently needed therapy and supervision, and perhaps endanger those around him or her.
Counsel for appellant has pointed out that, while this issue is one of first impression in Alabama, other courts have examined it, with contrary result. We are referred, in particular, to Commonwealth v. Durham, 255 Pa. Super. 539,389 A.2d 108 (1978), In the Matter of Andrew M., 91 Misc.2d 813,398 N.Y.S.2d 824 (1977), In re Gladys R., 1 Cal.3d 855,464 P.2d 127, 83 Cal.Rptr. 671 (Cal. 1970), People ex rel. Terrellv. District Court, 164 Colo. 437, 435 P.2d 763 (1967), State exrel. Slatton v. Boles, 147 W. Va. 674, 130 S.E.2d 192 (1963).
Not all of these cases are directly on point, or in conflict with our position. People ex rel. Terrell, supra, for example, merely stands for the proposition that Colorado's Children's Code bars the institution of felony charges against a child younger than sixteen. In so doing, the Code effectively raises the age of conclusive presumption of incapacity to commit a crime from seven, the common-law formulation, to sixteen. It does not hold that a juvenile under the age of sixteen is presumed incapable of committing a delinquent act. The court concluded that the state legislature, in exercising its power to create and define crimes, had removed offenses committed by juveniles from the criminal code. By removing a juvenile offender from the jurisdiction of the criminal courts, the legislature had not released the offender, but had confided him or her to the juvenile courts. State ex rel. Slatton v. Boles, supra, reaches the same result by the same route.
This reasoning is consistent with our own. It also explains our disagreement with Commonwealth v. Durham, supra, and In theMatter of Andrew M., supra, also cited by appellant. Both these cases conclude that application of the presumption of incapacity to juvenile proceedings is required by In re Gault,387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the landmark United States Supreme Court case which extended many of the constitutionally required procedural safeguards available to adult criminal defendants to juveniles subject to delinquency proceedings. As explained by the New York court:
 If we view juvenile proceedings as the Supreme Court does in Gault (supra), and Matter of Winship
[397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368] [citation omitted], as being a special category of `almost criminal' liability, the fiction of a conclusive presumption of incapacity to commit a crime becomes a historical vestige with roots in pre-Gault philosophy which falls in the face of the reality of minimum periods of secure incarceration newly enacted in the Juvenile Justice Reform Act of 1976 [citation omitted]. With this reality in mind, the rebuttable presumption of incapacity, ostensibly swallowed within the conclusive presumption enacted by the Family Court Act, takes on new relevance. For, if the presumption which purports to absorb is illusory, how can it destroy by sheer inference the substantive defense of infancy available via the Common Law rebuttable presumption?
398 N.Y.S.2d at 826.
However, while Gault required procedural safeguards to be applied to juvenile proceedings, it did not attempt to define the jurisdiction of state juvenile courts, or to define the offenses which would bring juveniles under that jurisdiction. That remains the prerogative of state legislatures. Our legislature has, as explained above, removed capacity to understand the wrongfulness of one's conduct from the elements which the state is required to prove in adjudicating a juvenile delinquent. This it may do without transgressing constitutional barriers. Capacity, or lack of it, may, of course, be taken into account during the dispositional hearing.
For these reasons, we conclude that the trial court did not err in refusing to apply the common-law presumption of incapacity to a juvenile proceeding. On this view of the case, it is unnecessary to reach the other issues raised by appellant. The adjudication of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur. *Page 107