696 P.2d 700

**Benjamin Ashley GAMMONS (A person under the age of 18 years), Petitioner,**

v.

**The Honorable William BERLAT, Judge Pro Tempore of the Pima County Juvenile Court, State of Arizona, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 17533–SA.**

Supreme Court of Arizona,
En Banc.

March 8, 1985.

Frederic J. Dardis, Pima County Public Defender by Carol Wittels, R. David Sobel, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Clinton R. Stinson, Deputy County Atty., Tucson, for respondents.

Collins, Pray & Riddle by James P. Pray, Tucson, for amicus curiae Arizona Civil Liberties Union.

HOLOHAN, Chief Justice.

The petitioner, a thirteen year old, was arrested on February 17, 1984 for sexual abuse and sexual conduct with a minor. He was charged by a petition filed in juvenile court with delinquency for his alleged act in the sexual abuse and sexual conduct incident. During trial review, petitioner denied the allegations of the petition and, through counsel, requested a hearing to

determine his legal capacity to understand the wrongfulness of his conduct pursuant to A.R.S. § 13–501.[1] The State opposed the request for a hearing on the grounds that A.R.S. § 13–501 is inapplicable to delinquency proceedings. The Judge Pro Tempore assigned to the case by the Pima County Juvenile Court ruled that A.R.S. § 13–501 was not applicable to delinquency proceedings. Petitioner sought relief from the ruling by a special action filed with this court. We accepted jurisdiction of the special action to resolve the matter because it presents an issue of statewide importance affecting the operation of the juvenile court system.

The issue presented is whether the provisions of A.R.S. § 13–501 in the criminal code are applicable to delinquency proceedings in juvenile court. The State urges us to restrict the operation of A.R.S. § 13–501 to those instances where children are tried in adult criminal proceedings following transfer from juvenile court. *See* Rules 12–14, Arizona Rules of Procedure for the Juvenile Courts, 17A A.R.S. The State's contention is that the delinquency adjudication provisions of the juvenile code create an independent procedure for the disposition of juvenile offenders which is separate from adult criminal prosecution and which thereby renders A.R.S. § 13–501 inapplicable. The petitioner argues that the presumption of incapacity for children under fourteen years of age is a safeguard for all children accused of criminal behavior whether charged in an adult criminal proceeding or in juvenile court.

1. A.R.S. § 13–501 provides:
   A person less than fourteen years old at the time of the conduct charged is not criminally responsible in the absence of clear proof that at the time of committing the conduct charged the person knew it was wrong.

2. The original provision created a rebuttable presumption of incapacity for persons *under ten* years of age:
   30. (Sec. 30.) All persons are capable of committing crimes except those belonging to the following classes:—
   1. Children under the age of ten, in the absence of clear proof that at the time of

A.R.S. § 13–501 codifies a variant of the common law infancy defense to criminal prosecution. *State v. Taylor*, 109 Ariz. 481, 512 P.2d 590 (1973) (construing § 13–135, statutory predecessor to A.R.S. § 13–501). Although the present wording dates from the 1978 criminal code revision, with minor changes the codification has been in place since 1887.[2] The common law infancy defense precluded criminal prosecution for children under the age of seven, and created a rebuttable presumption of incapacity for children seven to fourteen on the ground that "[c]ommon law criminal culpability was based on both an assumption of capacity to know wrongfulness and proof of the specific *mens rea* required to commit a crime ... [and] children are less capable than adults of understanding wrongfulness or of possessing the intent required to legitimately impose punishment." Walkover, "The Infancy Defense in the New Juvenile Court," 31 U.C.L.A. L.Rev. 503, 509–10 (1984). Arizona's codified incapacity provision modifies the common law in that it does not bar criminal adjudication of children under seven; rather it extends the rebuttable presumption to all youth under fourteen.

The juvenile code defines a "delinquent act" as "an act by a child, which if committed by an adult would be a criminal offense...." A.R.S. § 8–201(9). This definition is essentially unaltered from the original enactment of the juvenile code in 1912.[3] The definition of "delinquent act" refers to criminal provisions to establish which acts constitute delinquent conduct. *See* A.R.S. § 8–201(9). Capacity to understand the

committing the act charged against them, they knew its wrongfulness.
Penal Code, Part I, Title I, § 30, Revised Statutes of Arizona (1887). The age provision was raised to fourteen years in 1913, Penal Code, Part I, Title I, § 24(1.), Revised Statutes of Arizona (1913); following the age modification, only minor stylistic changes have been made to the present version.

3. "Delinquent child" was defined under the original act as "any child ... who may be charged with the violation of any law of this State or the ordinance of any town or city." 1912 Sess. Laws, ch. 63, § 1 (Special Session).

wrongfulness of one's behavior is a prerequisite to criminal liability under the criminal code when the age of the offender is less than fourteen years. A.R.S. § 13–501. Does the definition of delinquent act in the juvenile code include the capacity limitation of the criminal code?

■ Arizona modeled A.R.S. § 13–501 after California's version of the infancy defense.[4] *See* Penal Code, Part I, Title I, § 24, Revised Statutes of Arizona (1913) (marginal note). Although not binding on this court, we follow the practice of construing statutes consistently with cases decided by the courts of the state from which the statute was adopted. *State v. Tramble,* 144 Ariz. 48, 695 P.2d 737 (1985). The construction given by the court of the state from which the statute was adopted must, however, be consistent with the goals and intent of our legislature. *Id.; see also DeBoer v. Brown,* 138 Ariz. 168, 673 P.2d 912 (1983).

In 1970, the California Supreme Court applied its codified infancy defense, California Penal Code § 26, to juvenile delinquency proceedings, Welfare and Institutions Code, § 602 (declaring a juvenile a ward of the juvenile court).[5] *In re Gladys R., supra,* at 862–67, 464 P.2d at 132–36, 83 Cal.Rptr. at 676–80. *In re Gladys R.* presents factual circumstances similar to the instant action. The State of California commenced an action to declare a 12 year old girl, with a purported mental age of 7, a ward of the juvenile court for allegedly violating a provision of the California Penal Code providing criminal sanctions for annoying or molesting a child under 18 years of age. The California Supreme Court ruled that the juvenile court must conduct a capacity hearing to determine the 12 year

old's ability to understand the wrongfulness of her behavior, under § 26 of the California Penal Code, before she could be declared a ward of the court.

A similar conclusion was reached by the Superior Court of Pennsylvania which applied the common law incapacity defense to juvenile delinquency adjudication. *Commonwealth v. Durham,* 255 Pa.Super. 539, 389 A.2d 108 (1978) (nine year old accused of aggravated assault and possession of an instrument of crime). In *Durham,* the court could find no evidence that the legislature intended to displace the common law incapacity defense by the enactment of its juvenile act, and found that, during the adjudicatory stages of a delinquency proceeding, a juvenile is entitled to many of the due process rights afforded adult criminal defendants. *Id.* at 542, 389 A.2d at 110. In both *Gladys R.* and *Durham* there were dissenting positions, however, rejecting the incapacity defense in juvenile delinquency adjudication. *In re Gladys R., supra* (Burke, J. concurring and dissenting, McComb, J. joins); *Commonwealth v. Durham, supra* (Price, J. dissenting, Van der Voort, J. joins). In each case, the dissenters argued that the establishment of the juvenile code displaced the common law incapacity defense (or the statutory variation) because "[p]roceedings in the juvenile court are conducted for the protection and benefit of minors and not to prosecute them as law violators...." *In re Gladys R., supra* at 870, 464 P.2d at 138, 83 Cal. Rptr. at 682 (citations omitted).

Those jurisdictions rejecting a capacity requirement in juvenile delinquency proceedings have also relied on the rationale that a delinquency adjudication does not

---

4. The California Penal Code, § 26 provides:
   All persons are capable of committing crimes except those belonging to the following classes: One—Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness. * * *
   (West 1984 Supp.). This section was first enacted in 1850, and was amended in 1874 to bring it to its present form. *In re Gladys R.,* 1 Cal.3d 855, 464 P.2d 127, 83 Cal.Rptr. 671 (1970).

5. California's Welfare and Institutions Code, § 602 provides:
   Any person who is under the age of 18 years when he violates any law of this state ... defining crime ... is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court.
   (West 1984).

result in the imposition of criminal sanctions; rather the purpose of a delinquency proceeding is rehabilitative. *See Jennings v. State*, 384 So.2d 104 (Ala.1980); *State v. D.H.*, 340 So.2d 1163 (Fla.1976); *In re Dow*, 75 Ill.App.3d 1002, 31 Ill.Dec. 39, 393 N.E.2d 1346 (1979); *Matter of Davis*, 17 Md.App. 98, 299 A.2d 856 (1973); *In re Michael*, R.I., 423 A.2d 1180 (1981); *In the Matter of Skinner*, 272 S.C. 135, 249 S.E.2d 746 (1978). The approach of the Supreme Court of Rhode Island is representative of those jurisdictions rejecting a capacity requirement:

Once one accepts the principle that a finding of delinquency or waywardness in a juvenile proceeding is not the equivalent of a finding that the juvenile has committed a crime, there is no necessity of a finding that the juvenile had such maturity that he or she knew what he or she was doing was wrong. A juvenile is delinquent or wayward, not because the juvenile has committed a crime, but because the juvenile has committed an act that would be a crime if committed by a person not a juvenile and because the juvenile requires "such care, guidance and control * * * as will serve the child's welfare and the best interests of the state * * *."

*In re Michael, supra,* 423 A.2d at 1183 (citation omitted).

Although the specific issue in this case has not been addressed by us in the past, an early decision of this court discussed the function of the juvenile code. *Burrows v. State*, 38 Ariz. 99, 297 P. 1029 (1931), *vacated on other grounds, State v. Hernandez*, 83 Ariz. 279, 282, 320 P.2d 467, 469 (1958). In *Burrows,* a criminal defendant convicted of first degree murder appealed his conviction, *inter alia,* on the ground that since at the time the murder was committed he was under 18 years of age, the trial court should have proceeded against him as a juvenile. The *Burrows* court rejected petitioner's contention, holding that juvenile court jurisdiction did not attach when a defendant had reached 18 years of age by the time the information against him was filed. *Id.* at 111, 297 P. at 1034. The court discussed the purpose of the juvenile statutes in Arizona:

[T]he purpose of the Arizona juvenile law is not to attempt to establish an arbitrary age below which the child is presumed to be ignorant of the consequences of his acts, but rather to provide a special method of treatment for minors under the age of eighteen who have violated the criminal law....

*Id.* at 111, 297 P. at 1034. We must point out that the court was faced with a defendant whose crime had been committed while he was seventeen years of age and thus not included within the capacity limitation statute in effect at that time.

We believe that the authorities rejecting application of criminal code capacity requirements to juvenile proceedings are more persuasive than those which take the opposite view. Ultimately the decision of this court rests on the determination of the legislative intent in enacting the juvenile code and the statute at issue.

The codification of A.R.S. § 13–501 predated the first juvenile act by some 25 years. *See* Penal Code, Part I, Title I, § 30, Revised Statutes of Arizona (1887) (predecessor to A.R.S. § 13–501) and 1912 Sess.Laws, ch. 63 (Special Session) (Arizona Juvenile Act). The juvenile code, enacted in 1912, was codified as part of the 1913 civil code. *See* Civil Code, part XIV, Title XXVII, §§ 3562–78, Revised Statutes of Arizona (1913). It currently comprises Title 8 of the Arizona Revised Statutes. The provisions for disposition of juvenile offenders have always been separate from the criminal code.

The legislature has provided in the juvenile code a specific method of dealing with children who have committed crimes. We note that the juvenile code has its own capacity provision. A child under the age of eight years who is found to have committed an act that would result in adjudication as a delinquent is a "dependent child," not a delinquent. A.R.S. § 8–201(11)(c). The juvenile code also makes special provisions for the developmentally disabled

when such children have been adjudicated delinquent. A.R.S. § 8–242. The juvenile code has its own separate and distinct provisions for dealing with mentally ill children in the custody of the juvenile court. A.R.S. § 8–242.01. These various provisions in the juvenile code indicate that the legislature intended to provide a different standard to be applied in juvenile cases, and we conclude that the legislature did not intend for the provisions of A.R.S. § 13–501 to apply to juvenile proceedings. The relief sought by petitioner is denied.

GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

FELDMAN, Justice, concurring in part and dissenting in part.

I agree that a juvenile may be subjected to the jurisdiction of the juvenile court for treatment or rehabilitation upon a showing that he has committed an act which, if committed by an adult, would be a public offense. *See* A.R.S. § 8–201. The problem with the majority opinion, however, is that it assumes that the delinquency adjudication sought in this case "does not result in the imposition of criminal sanctions ..." *Ante* at 702–703. This view is quite incorrect. A.R.S. § 8–241 provides that if the court finds a child "delinquent," it may make any one of a variety of placements, all of them "subject to the supervision of a probation department," or may "award" the child "to the department of corrections without further directions as to placement by that department." A.R.S. § 8–241(A)(2)(e). If "awarded" to the department of corrections, the child remains under its control until discharge or until the child's eighteenth birthday. A.R.S. § 8–246; *In re Appeal in Maricopa County Juvenile No. J–86509*, 124 Ariz. 377, 604 P.2d 641 (1979), *cert. denied*, 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 245 (1980).

It is true that by virtue of A.R.S. § 8–207(B), the "delinquent" child may not be kept in an institution "used primarily for the execution of sentences of persons convicted of a crime." Thus, the institution is not called a prison, and may have a more palatable label—such as industrial school, juvenile institution, receiving home, or the like. Nevertheless, commitment to the department of corrections results in a type of confinement and is a criminal sanction. *In re Gault*, 387 U.S. 1, 27, 87 S.Ct. 1428, 1443, 18 L.Ed.2d 527 (1967) (construing many of the statutes cited above). In *Gault*, the United States Supreme Court held that the possible imposition of criminal sanctions, however euphemistically titled, requires the observance of certain procedural safeguards necessary to preserve due process. "Under our Constitution, the condition of being a boy does not justify a kangaroo court." *Id.* at 28, 87 S.Ct. at 1444. Nor should the condition of being a child justify the imposition of criminal sanctions absent proof that a crime was committed.

The facts of the case at bench well illustrate the situation. The juvenile who is to receive "the benefit" of "treatment" and "rehabilitation" is a 13 year old boy with a mental age of 9 or 10. He will be required to stand trial and possibly receive criminal punishment for having consensual sexual relations with a 15 year old girl. No adult could be convicted of such a public offense without proof of the requisite mental capacity—that he knew the nature and quality of his act, and knew that it was wrong. A.R.S. § 13–502. The legislature has provided that where a person is less than 14 years of age at the time of the criminal conduct charged, the State must submit "clear proof that at the time of committing the conduct charged the person knew it was wrong." A.R.S. § 13–501. To try, convict, and punish this retarded 13 year old for "sexual conduct with a minor" (A.R.S. § 13–1405) absent proof of his capacity to know and understand the wrongfulness of that conduct, is to invoke and apply the criminal aspects of the juvenile justice system without due process of law. *In re Gault, supra.* If the State were to seek prosecution of this minor in adult court, it would have to meet the burden of

proof imposed by § 13–501.[1] Why should it be able to evade that requirement by "prosecution" in juvenile court? I believe that it cannot. *See In re Gladys R.*, 83 Cal.Rptr. 671, 464 P.2d 127 (1970).

This is not to say that the State is without power or that it must turn such children loose without supervision or control. The State may differentiate between delinquent, dependent, and incorrigible children and may, where necessary, require that a dependent child undergo custodial treatment (A.R.S. § 8–241(A)(1)(b)). If the present statutes are insufficient for that purpose, they can be amended. What the State cannot do is impose criminal sanctions upon a juvenile under the guise of treatment or rehabilitation, when confinement and incarceration is the likely or possible result. Allowing criminal prosecution and punishment without proof of *mens rea* by the simple expedient of calling such prosecution "civil" or "rehabilitative" confers too much dignity on juvenile court

euphemisms. It is only to the love-struck poet that stone walls do not a prison make, nor iron bars a cage. To the rest of mankind, to be "awarded" to the department of corrections and put behind stone walls or iron bars is to be in prison, even if it is called "juvenile rehabilitation."

So wide a gulf between the State's treatment of the adult and of the child requires a bridge sturdier than mere verbiage, and reasons more persuasive than cliche can provide.

*In re Gault*, 387 U.S. at 30–31, 87 S.Ct. at 1445.

I dissent.

---

1. The maximum sentence possible for this class 6 felony would be 18 months. *See* A.R.S. §§ 13–1405(B) & 13–701. Confined as a juvenile, however, this 13 year old may be incarcerated for up to 5 years at the discretion of the department of corrections.