531 P.2d 156

Mary Louise McBETH, Petitioner,

v.

Honorable C. Kimball ROSE, Judge of the Superior Court, Maricopa County, Division 27–E, Real Party in Interest, Respondent.

Carole Jean TATELY and Daniel P. Monohan, Petitioners,

v.

JUSTICE COURT OF the NORTHEAST PHOENIX PRECINCT, MARICOPA COUNTY, Justice of the Peace Harold Lee, and Moise Berger, County Attorney, Maricopa County, Respondents.

Nos. 11542, 11552.

Supreme Court of Arizona,
In Banc.

Jan. 24, 1975.

Rehearing Denied March 4, 1975.

Ross P. Lee, Maricopa County Public Defender by Oral W. Tucker, Jr., Deputy Public Defender, Phoenix, Lawrence W. Katz, Certified Third-Year Law Student Arizona State University, for petitioner McBeth.

Treon, Warnicke & Dann by B. Michael Dann and Richard T. Treon, Phoenix, for petitioner Tately.

Trew & Woodford by C. Brad Woodford, Phoenix, for petitioner Monohan.

Moise Berger, Maricopa County Attorney by Alan Johnson and J. P. Shaw, Deputy County Attys., Phoenix, for respondents.

HOLOHAN, Justice.

Petitions for special action were filed by petitioners to prohibit criminal prosecution from proceeding against them. Since the petitions both raise substantially the same issues, we ordered them consolidated.

Petitioner Mary Louise McBeth (No. 11542) was arrested November 26, 1973 on two charges of assault with a deadly weapon. At the time of arrest she was seventeen years of age and would not become eighteen until January 15, 1974. She was booked into the county jail on the aforementioned charges, but upon learning of petitioner's age, she was referred to juvenile court. A hearing was scheduled in juvenile court for January 8, 1974, but on the day of the hearing the county attorney moved to dismiss the juvenile petition. The judge of the juvenile court granted the state's motion and dismissed the juvenile petition.

On January 18, 1974, three days after petitioner became eighteen, the state filed a felony complaint against petitioner accusing her of two counts of assault with a deadly weapon which were alleged to have occurred on November 26, 1973. It is conceded by the state that these are the identical charges previously contained in the juvenile petition which was dismissed in juvenile court.

Over objection of defense counsel, petitioner was held to answer in superior court on the charges. An information was filed in superior court on February 21, 1974. On March 20, 1974, at the omnibus hearing, the motion of the defense to dismiss was denied, and petitioner was ordered to stand trial on May 15, 1974.

This Court accepted jurisdiction of the special action filed by petitioner to prohibit the superior court from proceeding further with the criminal case.

Petitioners Carole Jean Tately and Daniel P. Monohan (No. 11552) were arrested on December 2, 1973 for illegal possession of marijuana. The matter was referred to juvenile court as each of the petitioners was seventeen at the time.

Petitions were filed in juvenile court, their case consolidated for an adjudication hearing which was set for March 14, 1974. Prior to the hearing, each of the petitioners became eighteen. On the day before the adjudication hearing, the deputy county attorney in charge of the case moved ex parte to dismiss the juvenile petitions pending against petitioners. The juvenile court judge granted the motions, dismissed the petitions, and vacated the adjudication hearing date.

On April 9, 1974 a complaint was filed by the state in justice court charging that the petitioners on December 2, 1973 illegally possessed marijuana. Petitioners filed a special action in this Court seeking to restrain further action in the criminal case until there was a lawful transfer of the case by juvenile court to adult prosecution.

The argument of the several petitioners is essentially that, once the juvenile court assumes jurisdiction of a case involving a juvenile, there can be no criminal prosecution of that case in adult court unless the juvenile court transfers the matter to adult court for prosecution. They argue that the procedure of simply dismissing the juvenile petition after or shortly before the juvenile turns eighteen and then commencing an adult prosecution violates the provisions of the Arizona Constitution, the Juvenile Code, and the Rules of Procedure for the Juvenile Court.

The Arizona Constitution, in Article 6, Section 15, provides:

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under

the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall be as provided by law."

The Juvenile Code provides in A.R.S. § 8–202(D):

"Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes twenty-one years of age, unless terminated by order of the court prior thereto."

It is further provided in A.R.S. § 8–246(A):

"When jurisdiction has been acquired by the juvenile court of a child, the child shall continue under the jurisdiction of the juvenile court until such child becomes twenty-one years of age, unless sooner discharged pursuant to law. From the time of commitment to the department of corrections, a child shall be subject to the control of the department of corrections until such child's absolute discharge."

Counsel for petitioners point out that the Rules of Procedure for the Juvenile Court, 17A A.R.S., especially Rules 12, 13 and 14, set forth the procedure to be followed if a juvenile case is to be transferred for adult prosecution. Our attention is directed to the requirements of Rule 14(b) which provides:

"The court may transfer the action for criminal prosecution to the appropriate court having jurisdiction of the offense if the court finds probable cause and reasonable grounds to believe that:

"(1) The child is not amenable to treatment or rehabilitation as a delinquent child through available facilities; and

"(2) The child is not commitable to an institution for mentally deficient, mentally defective or mentally ill persons; and

"(3) The safety or interest of the public requires that the child be transferred for criminal prosecution."

and Rule 14(c) which requires that:

"Upon such transfer the juvenile court shall state the reasons therefor by minute entry or written order and the child shall thereupon be transferred to the custody of an appropriate law enforcement officer, released on bail, if the offense is bailable, or released upon his own recognizance."

Although the issue presented by these cases is a matter of first impression in this Court, it has been decided in several other jurisdictions. In at least two jurisdictions the decision has been that an accused, who was under the age of eighteen at the time of the offense and who had a juvenile proceeding commenced but later dismissed before adjudication, could be charged and tried as an adult for such offense. Locke v. Commonwealth, Ky., 503 S.W.2d 729 (1973); State v. Kramer, 72 Wash.2d 904, 435 P.2d 970 (1967), cert. denied, 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968).

In Friedman v. Juvenile Court, 20 Ariz. App. 31, 509 P.2d 1068 (1973) Division Two of the Court of Appeals held that a juvenile cause pending and not heard on its merits prior to the time the juvenile reached eighteen results in loss of jurisdiction over the cause in the juvenile court. This Court, in Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966), stated that jurisdiction in the juvenile court does not attach until there has been an adjudication based upon evidence that the child is dependent, neglected, incorrigible or delinquent. Both *Friedman* and *Caruso* dealt with dependency matters rather than delinquency.

In Burrows v. State, 38 Ariz. 99, 297 Pac. 1029 (1931), this Court held that a

defendant who had reached the age of eighteen, charged by information for a crime committed before his eighteenth birthday was nevertheless subject to prosecution, trial, and sentence as an adult. For cases from other jurisdictions see 89 A.L. R.2d 506 et seq.

■ The statute concerning juvenile jurisdiction under which *Burrows* was decided was substantially carried forward into the Arizona Constitution by amendment in 1960 and is now Section 15 of Article 6. We believe the rationale in the *Burrows* case is equally applicable to Section 15. The purpose of the juvenile provisions in Arizona concerns the treatment, not the capacity, of the offender, or as the Court stated in *Burrows*:

" . . . the purpose of the Arizona juvenile law is not to attempt to establish an arbitrary age below which the child is presumed to be ignorant of the consequences of his acts, but rather to provide a special method of treatment for minors under the age of eighteen who have violated the criminal law, and, even with such children, leaving the application of the juvenile or criminal code to the discretion of the trial court." 38 Ariz. at 111.

■ In effect, *Burrows* held that a juvenile could commit a crime, and his age made it no less a crime, but the law provided a special method of dealing with such a person by reason of his age. This age factor was to be determined as of the time of prosecution. If the age factor was not present at the time of prosecution the accused was to be tried as an adult.

Petitioners argue that *Burrows* is not applicable because in these cases, unlike *Burrows,* proceedings had been commenced in juvenile court. They contend that the only way the matters could have been made subject to adult jurisdiction was after hearing. Miller v. Quatsoe, 348 F.Supp. 764 (E.D.Wis.1972). Petitioners contend that the state may not avoid a transfer hearing by the simple device of dismissing the juvenile petition.

The state argues that the petitioners are not all in the same status so far as a transfer hearing being required. The state contends that Monohan and Tately (No. 11552) both reached their eighteenth birthday before the juvenile court had made any adjudication or held any hearing on the merits of the case, and no transfer hearing was necessary because the juvenile court had no jurisdiction. We agree with this contention.

The authorities from other states generally hold that a juvenile who has reached his eighteenth birthday before being tried as a juvenile or before an adjudication of delinquency cannot validly be tried in juvenile court. Our cases, Caruso v. Superior Court, *supra,* and Friedman v. Juvenile Court, *supra,* are analogous in holding that juvenile court is without jurisdiction to adjudicate a person dependent who is over the age of eighteen.

Our state's constitution gives the superior court, as the juvenile court, exclusive jurisdiction over children accused of crime under the age of eighteen. Ariz.Const. Art. 6, § 15. When such a person is no longer a child under the age of eighteen the juvenile court has no jurisdiction to try him.

■ Nor do the statutes A.R.S. § 8–202(D) or A.R.S. § 8–246(A) grant jurisdiction to try a person over the age of eighteen in juvenile court. The retention of jurisdiction referred to in the cited statutes is limited to those persons whom the juvenile court has adjudicated as delinquent or dependent prior to their reaching their eighteenth birthday.

Unlike Monohan and Tately, the other petitioner, Mary Louise McBeth (No. 11542) was within seven days of her eighteenth birthday when the dismissal was granted. The juvenile court had full jurisdiction of the matter. Conceivably she could have been adjudicated a delinquent, if the evidence warranted, and a disposition made which would have prevented any action in the criminal courts resulting in a criminal record. It is equally possible that she

could have been transferred to adult criminal prosecution as she is now. Petitioner urges that the important aspect in her case is that she never had a hearing in juvenile court, and the practice of dismissing a case to avoid a transfer hearing to await an age change for adult prosecution should be stopped.

 Petitioner McBeth further argues that she has a right to a transfer hearing before being prosecuted criminally, and indeed she does as long as she is under the age of eighteen. Neither she nor any person under the age of eighteen may be prosecuted criminally unless, after hearing, the juvenile court transfers the matter to the adult side of the law for criminal prosecution. Once the petitioner reached the age of eighteen, she was subject to criminal prosecution and the juvenile court had no jurisdiction. The decision to file a petition was a matter exclusively for the prosecutor. A.R.S. § 8–233. The dismissal of the juvenile petition and case was approved by the court. This left nothing pending in the juvenile court and freed petitioner from any further control of juvenile court.

The transfer procedure required by the juvenile rules assumes a pending juvenile petition. If the petition has been dismissed there is nothing for the court to hear. The dismissal of the petition removes any control which the juvenile court had on the juvenile by reason of the petition. The juvenile, if detained, must be released, and he is free to follow his own pursuits. There has been no jeopardy because there has been no hearing on the merits.

There is nothing in the constitution or statutes which prevents the court from dismissing a juvenile action on motion of the state. We find nothing which prevents the state from later refiling the charges. Therefore, we can find no sufficient reason to invalidate the procedure used in the McBeth case.

The relief sought in both petitions is denied.

LOCKWOOD and HAYS, JJ., HAIRE, Court of Appeals, Chief Judge, and EUBANK, Court of Appeals, Judge, concur.

Note: CAMERON, C. J., and STRUCKMEYER, V. C. J., did not participate in the determination of this matter. HAIRE, C. J., Court of Appeals, Chief Judge, Division One, and EUBANK, J., Court of Appeals, Judge, Division One, sat in their stead.