763 P.2d 268

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. JV–110565.**

**No. 1 CA–JV 88–003.**

Court of Appeals of Arizona, Division 1, Department C.

June 21, 1988.

Review Denied Nov. 15, 1988.

Thomas E. Collins, Maricopa County Atty. by Barbara A. Christensen, Deputy County Atty., Phoenix, for appellee.

Thomas E. Haney, P.C. by Thomas E. Haney, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

May the state, when processing a delinquency petition against a juvenile approaching his eighteenth birthday, offer to forego moving to transfer the juvenile out of juvenile court for criminal prosecution if the juvenile agrees to admit delinquency and accept the supervision of the juvenile court? If the juvenile declines such an offer and the state responds by moving his transfer for criminal prosecution, must the state's motion be regarded as impermissibly retaliatory? These questions are presented by this case.

The state filed a petition alleging the juvenile appellant's delinquency and charging him with arson, allegedly committed on July 1, 1987, when the juvenile was seventeen years, five months old. The appellant denied the allegations at an advisory hearing on September 4, 1987, and was appointed a public defender.

The appellant appeared with counsel at a September 14, 1987, pre-adjudication conference, at which the court allowed the public defender's office to withdraw. New counsel was appointed two days later.

On September 21, 1987, the state offered the appellant a plea bargain. The offer was made in writing, four months and ten days before the appellant's eighteenth birthday, and read in part:

> The juvenile will be eighteen (18) on January 31, 1988. If he will admit to the petition, a transfer request will not be filed and no charges will be filed out of Tempe departmental report 87–84523 which is enclosed.

The parties informed the court on October 8, 1987, that there appeared no reasonable likelihood of a stipulated resolution. Thus the appellant did not accept the plea offer. The court set an adjudication hearing for November 17, 1987, approximately ten weeks before the appellant's eighteenth birthday.

The state, on October 14, 1987, moved to transfer the appellant for criminal prosecution pursuant to Rule 12, Rules of Procedure for the Juvenile Court. The appellant objected. The court took the objection under advisement and proceeded with the transfer hearing on November 23, 1987. On December 4, 1987, the court issued its decision. The court overruled the appellant's objection to the transfer motion, citing Rule 12 for the proposition that "the county attorney at any time prior to the adjudication had a right to request transfer to adult court." The court went on to order the transfer pursuant to Rule 14, listing among the grounds for its decision that the offense was premeditated, that the juvenile had been previously placed on probation for a juvenile referral, that the juvenile would not be subject to the juvenile justice system after January 31, 1988, and that, based on the juvenile's age, the serious nature of the offense, and the prior failure of probation, the likelihood of rehabilitation in the juvenile system was nil.

The appellant, who has now reached the age of majority, does not appeal the transfer. Nor does he challenge the juvenile court's finding that appropriate grounds for transfer had been shown. His notice of appeal is directed only to the overruling of his objection to the state's transfer request. He argues that the state improperly sought his transfer in retaliation for his refusal to admit delinquency.

Appellant, if adjudicated delinquent on a charge of arson in juvenile court, would have been subject to treatment in the juvenile system lasting not beyond January 31, 1988, his eighteenth birthday. *McBeth v. Rose*, 111 Ariz. 399, 402, 531 P.2d 156, 159 (1975). If convicted of arson in adult court, he faced as much as four years of imprisonment. A.R.S. §§ 13–1703, 701, 702, and 801.

■ Due process prohibits the retaliatory enhancement of sentence upon retrial after appeal. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Due process also prohibits the retaliatory enhancement of charges in a trial *de novo* after conviction in an inferior court. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

In *State v. Hinton*, 123 Ariz. 575, 601 P.2d 338 (App.1979), the state initially charged defendant with involuntary manslaughter, but, after defendant successfully moved for suppression of incriminating statements, the state increased the charge to second degree murder. On appeal from the trial court's denial of defendant's motion to dismiss, we reversed, citing *Pearce* and *Blackledge* and holding that the state may not increase the severity of charges following an assertion of defendant's rights unless it is able to show a change of circumstances to justify the higher charge.

■ From these cases the juvenile draws the argument that the state moved for transfer in retaliation for his assertion of the right to a delinquency hearing and that the juvenile court erred in entertaining the state's motion. Implicit is the additional argument that, by threatening to file a transfer motion if its plea offer were rejected, the state employed an inappropriate and unconstitutionally coercive inducement to a plea. *See, e.g., State v. Horning*, 158 Ariz. 106, 761 P.2d 728 (App.1988). Because the juvenile rejected the plea agreement, he does not argue coercion as a basis to set an involuntary plea aside. Rather, he presents the transfer request as the state's fulfillment of an improper threat, making good on coercion by a subsequent retaliatory act.

This argument would raise grave issues, were it asserted by a juvenile whose eighteenth birthday was not imminent at the time of the challenged events. It is not a juvenile's amenability to a plea offer, but his "amenab[ility] to the special treatment opportunities of the juvenile system" that determines whether he is "a proper person over whom the juvenile court should retain jurisdiction." Rule 12(a), Rules of Procedure for the Juvenile Court; *Juvenile Appeal J–93117*, 134 Ariz. 105, 109, 654 P.2d 39, 43 (App.1982). In this case, however, the state offered appellant a plea bargain at a time when he would have been susceptible to the ministrations of the juvenile system for just over four months. The state might reasonably have regarded this as a minimal period for the juvenile system to accomplish any rehabilitative purpose. The scheduling of the appellant's adjudication hearing left only ten weeks before his eighteenth birthday. The state might reasonably have concluded that the deferral of a determination of delinquency until that hearing would leave the juvenile system insufficient time to do the appellant or the public any good. The trial court expressly cited the appellant's age and the fact that he "would not be subject to the juvenile justice system after January 31, 1988," as a basis for granting the state's motion to transfer. The appellant does not challenge that finding. Under these circumstances, we find a rational, non-retaliatory basis for the state's motion to transfer, and we affirm the juvenile court's order overruling the appellant's objection to that motion.

CORCORAN, P.J., and SHELLEY, J., concur.