IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————

**STATE OF ARIZONA,**
*Appellee,*

*v.*

**JOSE ADRIAN AGUNDEZ-MARTINEZ,**
*Appellant.*

————

No. CR-23-0053-PR
**Filed January 10, 2024**

————

Appeal from the Superior Court in Yuma County
The Honorable Roger A. Nelson, Judge
No. S1400CR201900622

**REMANDED**

————

Opinion of the Court of Appeals, Division One
254 Ariz. 452 (App. 2023)

**VACATED IN PART**

————

COUNSEL:

Kristin K. Mayes, Arizona Attorney General, Alexander W. Samuels (argued), Principal Deputy Solicitor General, Alice M. Jones, Deputy Solicitor General, Section Chief of Criminal Appeals, Joshua C. Smith, Assistant Attorney General, Phoenix, Attorneys for State of Arizona

Dori L. Zavala, Zavala Law Offices, LLC, Scottsdale, Attorneys for Jose Adrian Agundez-Martinez

Gary Kula, Maricopa County Public Defender, Mikel Steinfeld, Zachary Stern, Deputy Public Defenders, Phoenix, Attorneys for Amicus Curiae Maricopa County Public Defender's Office

Molly Brizgys (argued), Mitchell Stein Carey Chapman, PC, Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

Rachel H. Mitchell, Maricopa County Attorney, Nicholas Klingerman, Quinton S. Gregory, Deputy County Attorneys, Attorneys for Amicus Curiae Maricopa County Attorney's Office

---

VICE CHIEF JUSTICE TIMMER authored the Opinion of the Court, in which JUSTICES BOLICK, LOPEZ, BEENE, MONTGOMERY, KING and BERCH (RETIRED) joined.[*]   JUSTICE MONTGOMERY authored a separate opinion.

---

VICE CHIEF JUSTICE TIMMER, Opinion of the Court:

¶1        Since 1931, we have held that the state may prosecute adults for criminal offenses they committed as juveniles.   *See Burrows v. State*, 38 Ariz. 99, 111 (1931), *vacated on other grounds by State v. Hernandez,* 83 Ariz. 279, 282 (1958); *McBeth v. Rose*, 111 Ariz. 399, 403 (1975).   In 1996, voters passed Proposition 102, known as the "Juvenile Justice Initiative."   As relevant here, Proposition 102 amended our constitution by (1) removing the superior court's exclusive authority over juveniles who engage in unlawful conduct and instead empowering the legislature and the people to "enact substantive and procedural laws" concerning such juveniles; (2) requiring the state to prosecute as adults all juveniles fifteen years of age or older who commit violent felony offenses or who are chronic felony offenders; and (3) directing that every juvenile convicted of a crime as an adult or held responsible for unlawful conduct as a juvenile make prompt

---

[*] Chief Justice Robert M. Brutinel has recused himself from this case. Pursuant to article 6, section 3 of the Arizona Constitution, Justice Rebecca White Berch (Ret.) of the Arizona Supreme Court was designated to sit in this matter.

restitution to any victims for injury or loss. *See* Ariz. Const. art. 4, § 22; *State v. Davolt*, 207 Ariz. 191, 214 ¶ 100 (2004). The following year, the legislature enacted laws implementing Proposition 102. *See* 1997 Ariz. Sess. Laws ch. 220 (1st Reg. Sess.).

**¶2** The issue before us is whether the legislation implementing Proposition 102 now prohibits the state from prosecuting adults for crimes committed when they were juveniles. We conclude it does not.

## BACKGROUND

**¶3** Jose Agundez-Martinez sexually assaulted and abused three young children on separate occasions from 2006 through 2008 when he was between the ages of ten and twelve years. The State learned of these acts after Agundez-Martinez's eighteenth birthday. A grand jury indicted Agundez-Martinez, who was then twenty-three years old, with two counts of sexual conduct with a minor and three counts of child molestation. (One of the latter charges was later amended to attempted child molestation.) The State alleged that the offenses were dangerous crimes against children ("DCAC"), which statutorily triggered mandatory, enhanced sentences if the trier-of-fact found Agundez-Martinez guilty. *See* A.R.S. § 13-705.

**¶4** Agundez-Martinez moved to dismiss the indictment for lack of personal and subject matter jurisdiction. He argued the juvenile court possessed exclusive jurisdiction over him for felony acts he committed as a juvenile unless, after a hearing, the court transferred jurisdiction to the criminal division of the superior court. *See* A.R.S. § 8-327(A)–(B). And because the juvenile court lost jurisdiction when Agundez-Martinez turned eighteen, he argued it could no longer hold that hearing and transfer jurisdiction, thereby depriving the superior court of its only mechanism for obtaining jurisdiction. The superior court denied the motion, reasoning that once Agundez-Martinez reached adulthood, the prosecutor had discretion whether to file charges in adult court, and because Agundez-Martinez was in fact an adult, the court possessed jurisdiction over the prosecution.

**¶5** A jury subsequently convicted Agundez-Martinez on all counts. Pursuant to the mandatory sentencing scheme for DCAC offenses, the court sentenced Agundez-Martinez to consecutive, mitigated prison terms on all counts, which totaled fifty-one years.

¶6          The court of appeals vacated Agundez-Martinez's convictions and sentences and ordered his release. *State v. Agundez-Martinez*, 254 Ariz. 452, 454 ¶ 1 (App. 2023). It reasoned that the statutes implementing Proposition 102 provide that unlawful conduct committed by a juvenile younger than fourteen years is only a delinquent act and not a criminal offense. *See id.* at 458 ¶ 25. And "[b]ecause delinquent acts may only be prosecuted in juvenile court or transferred to adult criminal court via A.R.S. § 8-327," the court concluded that "the State cannot prosecute Agundez-Martinez for these offenses now that he has reached adulthood." *See id.* at 458–59 ¶ 26.

¶7          To avoid unnecessary delay if this Court disagreed with its analysis, the court of appeals also addressed Agundez-Martinez's Eighth Amendment challenges to his sentences. *See id.* at 454 ¶ 2. First, it concluded that sentencing a defendant as an adult for offenses committed as a preadolescent juvenile only because he was an adult at the time of prosecution constitutes cruel and unusual punishment. *See id.* at 464 ¶¶ 56–57. The court therefore held that if this Court affirms Agundez-Martinez's convictions, his sentences should be vacated and the matter remanded to the superior court to determine whether another, legitimate reason exists to punish Agundez-Martinez as an adult. *Id.* ¶ 57. If not, the superior court must order his release. *Id.*

¶8          Second, the court of appeals found that sentencing Agundez-Martinez to fifty-one years in prison as required by the DCAC sentencing statute (§ 13-705) constitutes cruel and unusual punishment. *See id.* at 465 ¶ 62. The court therefore held that if the superior court finds Agundez-Martinez eligible for a criminal sentence, his convictions should be modified to be non-dangerous, non-DCAC offenses, and the superior court should then resentence him. *See id.* at 466 ¶ 66.

¶9          The State petitioned for review of the court of appeals' primary holding that Agundez-Martinez's convictions and sentences must be vacated because he only committed delinquent acts and the State therefore lacked statutory authority to prosecute him as an adult. We accepted review because the petition raises important issues of statewide interest that are likely to recur. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶10        We review issues of statutory interpretation de novo.   *State v. Patel*, 251 Ariz. 131, 134 ¶ 10 (2021).   In doing so, we apply the plain text of the provision if it is unambiguous.   *See Franklin v. CSAA Gen. Ins. Co.*, 255 Ariz. 409, 411 ¶ 8 (2023).   If it is ambiguous, we interpret the text using secondary interpretive principles, like examining the provision's "subject matter, its historical background, its effects and consequences, and its spirit and purpose."   *See id.* (quoting *Ariz. Citizens Clean Elections Comm'n v. Brain*, 234 Ariz. 322, 325 ¶ 11 (2014)).

**A.    Before Proposition 102, The State Was Authorized To Prosecute Adults For Crimes They Committed When They Were Juveniles.**

¶11        Before December 6, 1996, Proposition 102's effective date, the superior court possessed exclusive jurisdiction to hold children accountable for committing unlawful acts.   Ariz. Const. art. 6, § 15 (1996); A.R.S. § 8-202(A) (1994).   Pursuant to that authority, the juvenile court could adjudicate a juvenile delinquent or, after conducting a transfer hearing, waive its jurisdiction and transfer the juvenile for criminal prosecution as an adult.   *See State v. Marks*, 186 Ariz. 139, 142 (App. 1996); Ariz. R. Juv. P. 13–14 (1996); *see also* A.R.S. § 8-201(21) (defining "juvenile court" as a division of the superior court).   Although the juvenile statutes were amended through the years, the superior court's exclusive jurisdiction over juvenile crime—either in the superior court generally or its juvenile division—remained constant from statehood until December 6, 1996. *Compare* Ariz. Const. art. 6, § 6 (1910), *with* Ariz. Const. art. 6, § 15 (1996).

¶12        This Court has twice addressed whether the pre-1996 juvenile jurisdiction provisions permitted the state to prosecute adults for crimes committed when they were juveniles.   In *Burrows*, the state charged a nineteen-year-old man with a murder committed when he was a juvenile. 38 Ariz. at 101, 106.   At issue was whether he could be prosecuted, tried, and sentenced as an adult.   *Id.* at 106–07.   The Court concluded that Arizona's juvenile laws affect "the *treatment* and not the *capacity* of the offender."   *Id.* at 110.   Thus, it found that these laws did not establish an age below which a juvenile could never be held accountable as an adult for criminal conduct.   *See id.* at 111.   Instead, they "provide[d] a special method of treatment for minors under the age of eighteen who have violated the criminal law, and, even with such children, [left] the application of the juvenile or criminal code to the discretion of the trial

court." *Id.*; *see also Gammons v. Berlat*, 144 Ariz. 148, 151 (1985) (citing *Burrows* in identifying the juvenile code's purpose). Because the defendant was an adult when charged, the Court determined that the juvenile laws did not apply, and the state properly prosecuted him under the adult criminal code. *See Burrows*, 38 Ariz. at 111.

¶13        More than forty years after *Burrows*, this Court addressed the same issue in a different procedural context. In *McBeth*, seventeen-year-old defendants in three consolidated cases were referred to the juvenile court for committing unlawful acts. 111 Ariz. at 400. In two cases, the juveniles turned eighteen before a delinquency adjudication hearing commenced, and the state successfully moved to dismiss the proceedings. *See id.* In the third case, the state successfully moved to dismiss the juvenile petition at an adjudication hearing held one week before the juvenile's eighteenth birthday. *See id.* In each case, the state later charged the defendant in superior court with criminal offenses. *See id.*

¶14        The *McBeth* Court concluded that the state could prosecute the defendants as adults even after the juvenile court had assumed jurisdiction but did not transfer the cases to adult court. *See id.* at 403. The Court relied substantially on *Burrows*. *See id.* at 402. It stated that under *Burrows*, "a juvenile could commit a crime, and his age made it no less a crime," although the law provided special methods for dealing with juveniles. *Id.* Importantly, however, "[t]his age factor was to be determined as of the time of prosecution. If the age factor was not present at the time of prosecution the accused was to be tried as an adult." *Id.*

¶15        The Court was not persuaded to reach a different conclusion than it did in *Burrows* simply because the juvenile court initially assumed jurisdiction. *See id.* As to the two defendants who turned eighteen before an adjudication hearing, the Court reasoned that when an offender is no longer younger than eighteen years and had not yet been adjudicated delinquent, "the juvenile court has no jurisdiction to try him." *See id.* As for the third defendant who could have been adjudicated delinquent or transferred to the adult court before her eighteenth birthday, the Court concluded that once the juvenile court dismissed the petition, nothing was left pending to be transferred, and the state was free to file criminal charges after the defendant's eighteenth birthday. *See id.* at 402–03.

¶16 In sum, if the issue here had been raised before December 6, 1996, *Burrows* and *McBeth* would direct us to conclude that Agundez-Martinez could be legally prosecuted, convicted, and sentenced for crimes he committed as a juvenile. *See also Marks*, 186 Ariz. at 142 ("[T]he juvenile court's 'exclusive original jurisdiction' over juvenile matters does not deprive the superior court at large of subject matter jurisdiction over a felony committed by a juvenile."). We must decide whether the adoption of legislation implementing Proposition 102 changes the analysis and outcome directed by *Burrows* and *McBeth*.

**B. After Proposition 102, The State Remains Authorized To Prosecute Adults For Crimes They Committed When They Were Juveniles.**

¶17 Proposition 102 sought to make juveniles more accountable for their unlawful conduct. *See* Ariz. Const. art. 4, pt. 2, § 22 (stating that the initiative's primary provision serves "to preserve and protect the right of the people to justice and public safety, and to ensure fairness and accountability when juveniles engage in unlawful conduct"); *Davolt*, 207 Ariz. at 214 ¶ 100 (observing that "[t]he stated intent of Proposition 102 was to make possible more effective and more severe responses to juvenile crime"). It did so in several ways, three of which are relevant here.

¶18 First, Proposition 102 divested the superior court of exclusive original jurisdiction over juvenile matters, meaning it could no longer manage a juvenile offender as it deemed best under the circumstances. Instead, the proposition provided that the court's jurisdiction and authority in juvenile proceedings "shall be as provided by the legislature or the people by initiative or referendum." *See* Ariz. Const. art. 6, § 15; *see also* Ariz. Const. art. 4, pt. 2, § 22 (authorizing "the legislature, or the people by initiative or referendum," to "enact substantive and procedural laws regarding all proceedings and matters affecting [juveniles who engage in unlawful conduct]").

¶19 Second, Proposition 102 required the state to prosecute as adults all juveniles fifteen years or older who are accused of violent felony offenses or fall within the statutory definition of "chronic felony offenders." *See* Ariz. Const. art. 4, pt. 2, § 22(1). Correspondingly, the proposition prohibited county attorneys from deferring the prosecution of those juveniles to resolve matters through community-based alternatives. *See id.* § 22(2). Also, it required county attorneys to prosecute "[a]ll other juveniles accused of unlawful conduct . . . as provided by law." *Id.* § 22(1).

In short, Proposition 102 required the state to prosecute the most serious juvenile offenders as adults, subjecting them to the same sentencing consequences, and required that other juvenile offenders be prosecuted as provided by the legislature or the people.

**¶20** Third, Proposition 102 provided that every juvenile convicted of a crime as an adult or held responsible for unlawful conduct as a juvenile must make prompt restitution to any victims for injury or loss. *See id.*

**¶21** Proposition 102 itself did not prohibit the state from prosecuting adults for crimes they committed as juveniles, and Agundez-Martinez does not contend that it did. Instead, he argues that the court of appeals correctly interpreted statutes enacted to implement Proposition 102 as prohibiting such prosecutions by decriminalizing offenses if committed when the offenders were younger than fourteen years of age. *See Agundez-Martinez*, 254 Ariz. at 458 ¶ 25. We therefore turn to that court's statutory analysis.

**¶22** The court of appeals grounded its decision on the interplay among A.R.S. §§ 13-501(A)–(B), 8-201(12), and 8-202(I). *See id.* at 457–58 ¶¶ 21–25. Section 13-501(A) mimics Proposition 102 by requiring a county attorney to prosecute as an adult any juvenile who was fifteen years of age or older at the time of the offense if the juvenile committed a violent felony offense or was a chronic felony offender. *See* Ariz. Const. art. 4, pt. 2, § 22(1). The substance of § 13-501(B) was not addressed by Proposition 102 but authorized by it. *See id.* § 22. Subsection (B) provides that "[e]xcept as provided in subsection A of this section, the county attorney *may* bring a criminal prosecution against a juvenile in the same manner as an adult if the juvenile is at least fourteen years of age at the time the alleged offense is committed" and is either a chronic felony offender or is accused of committing at least one listed felony offense. § 13-501(B) (emphasis added). If neither § 13-501(A) nor (B) applies to a juvenile offender, and unless the juvenile has a historical prior felony conviction in adult court, *see* § 13-501(C), the state is limited to initiating delinquency proceedings in juvenile court. *See* A.R.S. §§ 8-202; 8-301(2); 8-302.

**¶23** When the legislature enacted § 13-501(A) and (B), it also amended § 8-201 and § 8-202 to account for those provisions. *See* 1997 Ariz. Sess. Laws ch. 220, § 1, § 4 (1st Reg. Sess.) (implementing S.B. 1446; Juvenile Justice—Implement Proposition 102). Section 8-201(12) now defines "delinquent act," in relevant part, as:

> [A]n act by a juvenile that if committed by an adult would be a criminal offense . . . . Delinquent act does not include an offense under § 13-501, subsection A or B if the offense is filed in adult court. Any juvenile who is prosecuted as an adult or who is remanded for prosecution as an adult shall not be adjudicated as a delinquent juvenile for the same offense.

Section 8-202(I) addresses prosecuting juveniles as adults and provides:

> Persons who are under eighteen years of age shall be prosecuted in the same manner as adults if either:
>
> 1. The juvenile court transfers jurisdiction pursuant to § 8-327.
>
> 2. The juvenile is charged as an adult with an offense listed in § 13-501.

**¶24**　　　The court of appeals reasoned that because § 8-201(12) "explicitly excepted from the definition of 'delinquent act' offenses under A.R.S. § 13-501(A) and (B)," and the legislature did not provide that other juvenile offenses constitute criminal offenses if filed in adult criminal court, all juvenile offenses not listed in § 13-501(A) and (B) can only be "delinquent acts" and not criminal offenses. *See Agundez-Martinez*, 254 Ariz. at 458 ¶¶ 22, 25. Because neither § 13-501(A) nor (B) addresses unlawful acts committed by juveniles younger than fourteen years of age at the time of the offense, the court concluded that such acts are "by definition" delinquent acts and not criminal offenses. *See id.* ¶ 25. Under § 8-202(I), delinquent acts can only be prosecuted in the juvenile court or transferred to adult court under § 8-327. *See id.* The court therefore held that the State was not authorized to prosecute Agundez-Martinez because he could only be accused of committing delinquent acts, and the juvenile court no longer possessed jurisdiction to transfer his case to adult court. *See id.* ¶ 26; *see also* A.R.S. § 8-246(A) (providing that the juvenile court generally loses jurisdiction when a defendant reaches adulthood).

**¶25**　　　We disagree with the court of appeals' interpretation of § 8-201(12) as decriminalizing unlawful acts when committed by an offender younger than fourteen years of age at the time of the act. Section 8-201(12) defines "delinquent act" as an act that if committed by an adult would be a criminal offense. That definition is essentially unaltered

since before this Court decided *Burrows* and *McBeth*. *See Gammons*, 144 Ariz. at 149 & n.3. Yet nothing in § 8-201(12) suggests that, contrary to those decisions, the legislature has established an age below which a juvenile can never commit a criminal offense. *See Burrows*, 38 Ariz. at 111; *McBeth*, 111 Ariz. at 402.

**¶26** Section 8-201(12)'s exclusion of some offenses from the definition of "delinquent act" does not establish that offenses committed by juveniles under fourteen years of age are not criminal offenses. Contrary to the court of appeals' interpretation, § 8-201(12) does not "explicitly except[]" all offenses listed in § 13-501(A) and (B) from the definition of "delinquent act," thereby arguably implying that all other unlawful acts committed by juveniles are not criminal offenses. *See Agundez-Martinez*, 254 Ariz. at 458 ¶¶ 22, 25. It excludes only those listed offenses that are "filed in adult court" against "juveniles." § 8-201(12); *see also* § 8-201(4) (defining "adult court" in relevant part as the criminal division of the superior court). The exclusion thus focuses on *where* proceedings are initiated at the time the accused is a juvenile rather than on the nature of the act.

**¶27** Section 8-201(12)'s exclusion language is not, as the court of appeals suggests, rendered superfluous by continuing to follow *Burrows* and *McBeth*. *See Agundez-Martinez*, 254 Ariz. at 458 ¶ 22. That language clarifies that charges filed against juveniles in adult court do not concern "delinquent acts" and are thus outside the juvenile court's jurisdiction and the juvenile code's application. *See, e.g.*, § 8-201(11) (limiting delinquency hearings in juvenile court to adjudicating whether a juvenile committed a "delinquent act"); § 8-321(A) (authorizing prosecutors to divert the prosecution of a juvenile accused of committing certain "delinquent act[s]"); Ariz. Code of Jud. Admin. § 6-304(A), (B)(1)(a) (authorizing the juvenile court to commit juveniles adjudicated as committing a "delinquent act" to the custody of the Arizona Department of Juvenile Corrections). Likewise, the exclusion removes any doubt that a juvenile convicted in adult court is not convicted of a "delinquent act" and therefore must generally be treated as an adult. *See, e.g.*, A.R.S. § 13-501(F) (providing that a juvenile convicted in adult court of a criminal offense must be sentenced as an adult); *see also* Ariz. Const. art. 22, § 16 ("It shall be unlawful to confine any minor under the age of eighteen years, accused or convicted of crime, in the same section of any jail or prison in which adult prisoners are confined.").

¶28 But § 8-201(12)'s exclusion does not alter its definition of "delinquent act," which establishes that juvenile offenses are substantively the same as criminal offenses. *See Burrows*, 38 Ariz. at 111; *McBeth*, 111 Ariz. at 402. Whether the offender is held accountable as a juvenile or as an adult depends entirely on the offender's status at the time proceedings are initiated and not on the nature of the act. *See Burrows*, 38 Ariz. at 111. Other panels of the court of appeals have agreed with our interpretation in opinions issued after Proposition 102's enactment. *See State v. Malvern*, 192 Ariz. 154, 156 ¶ 5 (App. 1998) ("The distinction between a delinquent act and a felony or misdemeanor, therefore, is not the nature of the act but, rather, the status of the perpetrator. Although a juvenile's acts may be characterized as 'delinquent acts' rather than crimes for the purposes of rehabilitation and punishment, the acts are, nonetheless, criminal in nature."); *In re Cameron T.*, 190 Ariz. 456, 462 (App. 1997) ("[A]s was true before Prop[osition] 102 was adopted, no statute or constitutional provision precludes adult prosecution of a juvenile who is no longer under the jurisdiction of the juvenile court.").

¶29 Other factors persuade us that post-Proposition 102 legislation did not change the state's ability to prosecute adults for crimes committed when they were juveniles, even if they were under fourteen years of age. First, statutes concerning juveniles often use terminology associated with crimes, thus bolstering our conclusion that juvenile offenses are criminal offenses. *See, e.g.*, A.R.S. § 8-249(C) (directing when a person may file for the restoration of the right to possess or carry a firearm if adjudicated delinquent for various "felony offense[s]"); § 13-501(C) (stating that a juvenile must be tried as an adult if accused of committing a "criminal offense" and has a prior felony conviction); § 13-2503(B) (classifying escape from a juvenile secure care facility as a "class 5 felony").

¶30 Second, by authorizing the juvenile court to transfer delinquency proceedings to adult court pursuant to § 8-327, even those involving persons younger than fourteen years, the legislature evidenced its view that juvenile offenses are also criminal offenses. It would be illogical to conclude that the legislature did not intend to hold persons accountable for those same offenses if they fortuitously reached adulthood before those offenses were discovered and could be transferred by the juvenile court.

¶31 Third, the legislature's amendments to the adult criminal code did not prohibit the state from prosecuting *an adult* for crimes

committed as a juvenile younger than fourteen years.   Section 13-501(A) and (B) apply only to a person who is a "juvenile" at the time a listed offense is committed and who is a "juvenile" when "accused" of that offense.   All other subsections of that statute plainly apply to juveniles, not adults.   If the legislature had intended to prohibit prosecuting adults for crimes committed when they were younger than fourteen years, as the court of appeals concluded, we would expect to see that prohibition in the adult criminal code, not tucked into the definition of a "delinquent act" in the juvenile code.

**¶32**          Fourth, adopting the court of appeals' interpretation of § 8-201(12) would have absurd consequences.   *See France v. Indus. Comm'n*, 250 Ariz. 487, 490 ¶ 13 (2021) (stating this Court avoids construing a statute in a way that leads to an absurd result).   Offenses listed in § 13-501(B) but not charged in adult court when the offender was a juvenile would forever remain "delinquent acts."   Although this list of offenses includes serious class one felonies, under the court of appeals' view the state could not later prosecute the offender for the crime because it would be considered a "delinquent act," even after the juvenile reaches adulthood.   Imagine, for example, that a seventeen-year-old committed an offense listed in § 13-501(B) but authorities learned of it only after the offender became an adult.   Under the court of appeals' interpretation, the state could not prosecute the person because the offense would be "by definition" a "delinquent act."   *See Agundez-Martinez*, 254 Ariz. at 458 ¶ 25.   Thus, the offender would not face any consequence for the act, including having to pay restitution otherwise due to a victim as required by Proposition 102. *See* Ariz. Const. art. 4, pt. 2, § 22(1).   A similar scenario would play out for adults who, as juveniles, committed offenses not listed in either § 13-501(A) or (B).   Considering Proposition 102 and the implementing legislation's goal to hold juveniles more accountable for unlawful acts, not less accountable, the legislature surely did not intend such consequences.   We also cannot ignore that the court of appeals' interpretation could deprive victims of their rights to justice and due process as contemplated in the Victims' Bill of Rights.   *See* Ariz. Const. art. 2, § 2.1(A).

**¶33**          In conclusion, our criminal code authorizes the state to prosecute crimes against "persons."   *See* A.R.S. § 13-201 ("The minimum requirement for criminal liability is the performance by a person of conduct."); *see also, e.g.*, § 13-1405(A) ("A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of

age."). "Person" includes every "human being." § 13-105(30). Nothing in our criminal code constrains the ability to prosecute adult "persons" for crimes committed when the offender was a juvenile. And as previously explained, the post-Proposition 102 legislation did not impose this restriction. A crime is a crime. Whether it is adjudicated as a "delinquent act" or prosecuted as a criminal charge depends entirely on the status of the offender at the time the state initiates proceedings. *See Burrows*, 38 Ariz. at 111; *McBeth*, 111 Ariz. at 402. Consequently, because Agundez-Martinez was an adult when indicted, the superior court possessed jurisdiction to try, convict, and sentence him for his criminal offenses.

## C.  This Case Must Be Remanded For Resentencing.

¶34       Neither party petitioned for review of the court of appeals' resolution of Agundez-Martinez's Eighth Amendment challenges. Indeed, the State informed us at oral argument that remand to the superior court is consistent with the interests of justice. We therefore do not address the constitutional issues. Although we leave the court of appeals' opinion on these issues intact, we take no position on those issues and leave them for a future case.

¶35       We must note, however, that we are troubled by the lengthy adult prison sentences originally imposed for acts, albeit horrific, committed by a young child, especially as the record indicates that similar offenses did not recur as Agundez-Martinez aged. The absence of statutory directives in situations like these may result in constitutional and prosecutorial uncertainty. We therefore urge the legislature to act so the courts are not forced to determine these directives on a case-by-case basis.

## CONCLUSION

¶36       For the foregoing reasons, we vacate paragraphs twelve through thirty-one of the court of appeals' opinion. We remand to the superior court to resolve the remaining issues as required by the court of appeals' opinion but not raised to this Court.

MONTGOMERY, J., concurring:

¶37 I fully concur in the majority's analysis and disposition. I write separately only to note some considerations in advance of resentencing upon remand.

¶38 Given the fact that the State did not seek review of the court of appeals' Eight Amendment analysis, careful consideration should be given for which, if any, sentencing enhancement allegations the State may pursue at resentencing. I note that the record includes a memorandum from the State that details the plea offer made to the defendant,[1] which was readily supported by other materials in the record, notably the psycho-physiological evaluation. To be clear, though, the executive branch office of a county attorney is responsible for determining what charges to file and how to prosecute a case. A.R.S. § 11-532(A)(2) (stating that "[t]he county attorney is the public prosecutor of the county and shall . . . [i]nstitute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when the county attorney has information that the offenses have been committed"); *State v. Murphy*, 113 Ariz. 416, 418 (1976) ("The duty and discretion to conduct prosecutions for public offenses rests with the county attorney.").

---

[1] The Yuma County Attorney did offer the defendant a plea in which he could have pled guilty to three amended counts of Attempted Molestation of a Child, each a class three dangerous crime against children. The State would have stipulated to a prison term of five to ten years with the defendant eligible for 85% earned release credit on one count. For the remaining two counts, the defendant would have been placed on lifetime intensive probation that would have been subject to future modification.